

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CYNTHIA SHATTLES o/b/o J. S. | CIVIL ACTION NO. 1:09-0761 |
| -vs- | JUDGE DRELL |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE KIRK |

## JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and concurring in part with the Magistrate Judge's findings under the applicable law, this Court adopts the Report and Recommendation, subject to the modifications set forth herein.

Regarding the issue of whether the child meets the medical criteria set forth in Listing 103.03(B), even the specific instances of medical care specified by counsel's objections to the Report and Recommendation do not satisfy the requirements of the Listing. As the Magistrate Judge correctly explains, to meet Listing 103.03(B), the medical evidence must demonstrate asthma attacks, *as defined in 3.00C,* occurring at least once every two months or at least six times per year. "Attacks of asthma" are defined by 3.00C as,

> [P]rolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room, or equivalent setting.

A liberal construction of the medical records excerpted in claimant's objections shows only six such episodes over a period of more than *twenty* months, with those events occurring on December 29, 2005; March 18, 2006; March 19, 2006; January 27, 2007; March 29, 2007; and August 9, 2007. (Document No. 13.) The infrequency of these episodes does not comport with the requirements of Listing 103.03(B).

Turning now to the matter of whether the child meets the medical criteria set forth in Listing 103.03(C)(2), under the circumstances presented in this case, it is clear to the Court that the duration element in that Listing is, likewise, not satisfied. Listing 103.03(C)(2) requires medical evidence that the child was given "[s]hort courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period." A thorough review of the medical records in this case shows the child received three short courses of corticosteroids in December 2005, for a total of fifteen days during that month. His next such short course did not occur until March 18, 2006, at which time the medicine was administered for only three days. He was next given five days of such treatment in October 2006, five days in November 2006, four days in January 2007, four days in March 2007, and five days in August 2007. (Document No. 13.) Thus, the medication was administered to him for an average of less than five

days per month throughout the twenty-two-month time period documented; it was not given to him for an average of more than five days per month for at least three months during a twelve-month period, as necessitated by the Listing.

Accordingly, IT IS ORDERED that the decision of the Commissioner is AFFIRMED, and that the appeal is DENIED AND DISMISSED WITH PREJUDICE.

SIGNED on this 27 day of September, 2010, at Alexandria, Louisiana.

_____
DEE D. DRELL
UNITED STATES DISTRICT JUDGE